# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Caitlin Sullivan

**DEFENDANTS**

CAMP NYC, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

HGSK Injury Lawyers/Richard Kupersmith/Liam McClelland
1601 Market Street, Suite 1100, Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [•] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | **PERSONAL INJURY** | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [•] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [•] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
Diversity of Citizenship - Personal Injury

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Greater than $75,000.0

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [•] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
07/29/2026

SIGNATURE OF ATTORNEY OF RECORD
Richard Kupersmith /Liam McClelland

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: King of Prussia Mall, 350 Mall Blvd, Suite 3066, King of Prussia, PA  19406

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                             Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?           Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation.                                                                                    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury *(Please specify)*: Premises
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **Caitlin Sullivan** | : | |
| **3068 Frankford Ave,** | : | |
| **Philadelphia, PA 19134** | : | |
| | : | **Civil Action No:** |
| **vs.** | : | |
| | : | |
| **CAMP NYC, Inc.** | : | |
| **91 5th Ave, 4th. Floor,** | : | |
| **New York, NY 10003** | : | |

## DISCLOSURE OF CITIZENSHIP IN DIVERSITY JURISDICTION CASES

Pursuant to Federal Rule of Civil Procedure 7.1(a)(2) where jurisdiction is based on diversity of citizenship, all parties or intervenors in the case must, unless the Court orders otherwise, name and identify the citizenship of every individual or entity whose citizenship is attributable to that party or intervenor.

Parties and intervenors are reminded that the citizenship of a limited liability company, professional corporation, limited partnership, partnership, and unincorporated association is determined by the citizenship of all its members or partners.

| | |
|---|---|
| Caitlin Sullivan | Pennsylvania |
| (Party) | (Citizenship) |

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

Date: July 29, 2026

*Richard Kupersmith*

Richard T. Kupersmith, Esquire/52614
Attorney for Plaintiff
Haggerty Goldberg Schleifer & Kupersmith, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103
rkupersmith@hgsklawyers.com
267-350-6600/215-665-8201(fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Caitlin Sullivan | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAMP NYC, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serveacopyon all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
  management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      **(X )**

| | | |
|---|---|---|
| July 29, 2026 | Richard Kupersmith | Richard Kupersmith |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| **Telephone** 267-350-6600 | **Fax Number** 215-665-8201 | **E-Mail Address** rkupersmith@hgsklawyers.com |

**(Civ. 660) 10/02**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Caitlin Sullivan** | : | |
| **3068 Frankford Ave,** | : | |
| **Philadelphia, PA 19134** | : | |
| | : | **Civil Action No:** |
| **vs.** | : | |
| | : | |
| **CAMP NYC, Inc.** | : | |
| **91 5th Ave, 4th. Floor,** | : | |
| **New York, NY 10003** | : | |

## CIVIL ACTION - COMPLAINT

The Plaintiff, Caitlin Sullivan, by and through her undersigned counsel hereby files this Civil Action Complaint against the Defendant, CAMP NYC, Inc. and states as follows:

### Parties

1. Plaintiff, Caitlin Sullivan, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 3068 Frankford Ave, Philadelphia, PA 19134.

2. Defendant, Camp NYC, Inc. (hereinafter "CAMP"), is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 91 5th Ave, 4th. Floor, New York, NY 10003.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Defendant CAMP is authorized to and regularly conducts business in the Commonwealth of Pennsylvania where the events underlying the present lawsuit transpired.

5. Defendant CAMP was, at all times material hereto, in possession and control of the premises located at King of Prussia Mall, 350 Mall Blvd, Suite 3066, King of Prussia, PA 19406.

6. At all times pertinent to the cause of action giving rise to this Civil Action Complaint, Plaintiff was a lawful business invitee of Defendant and was on Defendant's business premises for the purpose for which said premises were advertised and open to the public.

7. At all times pertinent to the cause of action giving rise to this Civil Action Complaint, Defendant acted and failed to act, through its duly authorized agents, servants, workmen and/or employees who, in turn, were acting, or failing to act, within the course and scope of their agency and employment.

### The Incident

8. On or about Wednesday, January 15, 2025, at approximately 11:00 a.m., Plaintiff was lawfully present on Defendant's premises located at 350 Mall Blvd., Suite 3066, King of Prussia, PA 19406, as a business invitee, in furtherance of Defendant's business operations.

9. Defendant markets itself as a "family experience store" and actively solicits the patronage of families with young children, maintaining no age or height requirements to enter and use Defendant's facilities. Defendant's company website proudly proclaims that its store is "just like a playground!"

10. By virtue of its own marketing representations and business model, Defendant knew, or in the exercise of reasonable care should have known, that young children would regularly be present in and around the store, including near its entrance and exit doorways, and would engage in the unpredictable movements and conduct characteristic of young children.

11. While shopping at the King of Prussia Mall on the day in question, Plaintiff was drawn to merchandise prominently displayed behind Defendant's floor-to-ceiling glass storefront and entered the store to inspect it more closely. Having browsed the merchandise, Plaintiff

proceeded toward the exit, navigating around a full-sized motor vehicle parked just feet from the doorway in the very center of Defendant's store.

12.     As Plaintiff approached the doorway, she observed a young child seated on the right-hand side of the store's all-glass doorway. Exercising reasonable care for the child's safety, Plaintiff redirected her path to the left-hand side, which she reasonably believed to be open, as it appeared identical in every visible respect to the open right-hand side of the doorway.

13.     As Plaintiff proceeded through the doorway, she violently struck a locked and/or otherwise immovable heavy glass door. Due to the door's all-glass, barn-door-style construction, and the absence of any decals, markings, or other visible warning devices, the door was rendered effectively invisible and imperceptible to Plaintiff. It was only after the impact that Plaintiff realized the door was closed and immovable.

14.     In addition to failing to render the door itself visible, Defendant further failed to utilize signage, floor markings, display racks, stanchions, or other readily available materials to guard, barricade, or otherwise channel the flow of patron traffic away from the defective and dangerous door and toward a safe, functional exit.

## COUNT I – NEGLIGENCE
## CAITLIN SULLIVAN v. CAMP NYC, INC.

15.     As a direct and proximate result of this dangerous and misleading condition, and Defendant's failure to warn patrons of its presence or otherwise mitigate the inherent danger it presented, Plaintiff walked into the closed glass door, striking it with significant force and sustaining the injuries described herein.

16.     This incident was the direct and proximate result of the actions and/or omissions of Defendant CAMP, its agents, servants and/or employees and was due in no manner to any act or failure to act on the part of Plaintiff.

17. In operating and/or managing its business location, Defendant was under the legal obligation to exercise care and precaution in making the premises safe for the protection of its guests and business invitees, including Plaintiff.

18. In constructing and/or designing its business location, Defendant was under the legal obligation to observe industry standards and applicable safety practices so as to avoid creating a dangerous condition for its guests and business invitees, including Plaintiff.

19. The incident referred to above was caused by the acts, omissions, negligence, and carelessness of Defendant, acting or failing to act through its duly authorized agents, servants, workmen and/or employees. The aforesaid acts, omissions, conduct and negligence consisted of the following:

    a. Failing to use reasonable care in keeping the entrance doorway in a safe condition for use by patrons;

    b. Constructing, installing, and/or maintaining all-glass, barn-door-style entrance doors that were visually indistinguishable from one another in their open and closed positions;

    c. Failing to install or maintain decals, markings, stickers, or other visible warning devices on the glass doors sufficient to alert patrons as to whether a given door was open or closed;

    d. Failing to employ or maintain adequate safety measures, such as visually pronounced handles, push bars, decals, or signage, commonly used in the industry to distinguish an open glass door from a closed one;

    e. Failing to anticipate that patrons would rely on the visual appearance of the doors to determine whether they were open or closed;

    f. Failing to anticipate that children would be present in and around the doorway, and failing to design, construct, and/or maintain the doorway in a manner that accounted for the unpredictable movements and conduct of children;

g.     Permitting one door of the all-glass, barn-door-style entryway to remain closed while the other remained open, without any distinguishing feature to alert patrons to the difference; and

h.     Failing to employ physical guarding mechanisms and/or position barriers such that patrons were directed away from the dangerous condition presented by imperceptible glass doors and walls.

16.     As a result of the negligence and carelessness of Defendant, herein described, Plaintiff sustained multiple serious injuries, including, but not limited to, the following: concussion with post-concussion syndrome, including headaches; migraines; vision disturbance; as well as seriously impaired cognitive ability and capacity to concentrate, along with such other injuries to her head and neck.

17.     As a result of the negligence and carelessness of Defendant, herein described, Plaintiff has been prevented from pursuing her daily routines, duties, hobbies, and occupations, and will continue to be prevented from doing the same in the indefinite future, all to her great detriment and loss.

18.     As a result of the negligence and carelessness of Defendant, herein described, Plaintiff has suffered and may continue to suffer physical pain and mental anguish given the limitations she has faced in her daily life and the consequent loss of personal, professional, and social opportunities, all to her great detriment and loss.

19.     As a result of the negligence and carelessness of Defendant, herein described, Plaintiff has suffered and may continue to suffer a loss of the ability to enjoy the pleasures of life, all to her great detriment and loss.

20.     As a result of the negligence and carelessness of Defendant, herein described, Plaintiff has suffered and may continue to suffer a loss of wages and income, and/or a loss of earning capacity, all to her great detriment and loss.

21. As a result of the negligence and carelessness of Defendant, herein described, Plaintiff has been obliged to, and may continue to be obliged to, expend large and various sums of money for medical treatment in an attempt to treat and cure herself of her aforesaid injuries, all to her great detriment and loss.

22. Based upon the negligence and carelessness of Defendant, herein described, Plaintiff is entitled to damages for her physical pain and suffering, loss of the ability to enjoy the pleasures of life, emotional distress and mental anguish, impairment of cognitive function, and those expenses that she has incurred and will incur in the future, all to her great detriment and loss.

WHEREFORE, Plaintiff, Caitlin Sullivan, demands judgment against Defendant, CAMP NYC, Inc., in an amount in EXCESS OF SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

Respectfully submitted,

Richard Kupersmith

_____
Richard T. Kupersmith, Esquire/52614
Attorney for Plaintiff
Haggerty Goldberg Schleifer & Kupersmith, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA  19103
rkupersmith@hgsklawyers.com
267-350-6600
215-665-8201

Date: July 29, 2026

Respectfully submitted,

Liam McClelland

_____
Liam McClelland, Esquire/338529
Attorney for Plaintiff
Haggerty Goldberg Schleifer & Kupersmith, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA  19103
lmcclelland@hgsklawyers.com

Date: July 29, 2026          267-350-6600/215-665-8201

Docusign Envelope ID: 7348E78E-65D3-8FDB-824E-A5C32EABBB0C

## VERIFICATION

Caitlin Sullivan, the Plaintiff herein, verifies that the statements made in the foregoing CIVIL

ACTION COMPLAINT are true and correct to the best of her knowledge, information and belief.

This verification is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification

to authorities.

Signed by:

Caitlin Sullivan

Date: 7/29/2026